# EXHIBIT "A"

**COPY**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation;<br>and DOES 1-100, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>ANGEL LOMELI, an individual | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>DEC 2 0 2016<br><br>BY _Anne Perry_<br>ANNE PERRY, DEPUTY |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Bernardino Superior Court<br><br>**247 Third Street**<br>**San Bernardino, CA 92415** | CIVDS 1621646 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
**Peggy A. Farrell, POTTER HANDY, LLP, P.O. Box 262490, San Diego, CA 92196, (858) 375-7385**

| DATE:<br>*(Fecha)* | **DEC 2 0 2016** | Clerk, by<br>*(Secretario)* | **Anne Ferry** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): *Union Pacific Railroad*

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other (specify):
4. ☑ by personal delivery on (date): *12/27/16  1:06pm*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Exhibit A, Page 9

COPY

DocuSign Envelope ID: EB9F7835-EE2A-46BA-B591-55A2F3868909

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Peggy A. Farrell (SBN 210853); Rene Potter (SBN 301971)<br>POTTER HANDY, LLP<br>P.O. Box 261843<br>San Diego, CA 92196-1843<br>TELEPHONE NO.: (858) 375-7385    FAX NO.: (888) 422-5191<br>ATTORNEY FOR (Name): Plaintiff, ANGEL LOMELI, an individual | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>DEC 2 0 2016<br><br>BY _Anne Perry_<br>ANNE PERRY, DEPUTY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN BERNARDINO | |
| STREET ADDRESS: 247 Third Street | |
| MAILING ADDRESS: 247 Third Street | |
| CITY AND ZIP CODE: San Bernardino, CA 92415 | |
| BRANCH NAME: SAN BERNARDINO | |

| CASE NAME: |
|---|
| LOMELI V. UNION PACIFIC RAILROAD CO., et al. |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CIVDS 1621646 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): 13
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 19, 2016

Rene Potter
_____
(TYPE OR PRINT NAME)

DocuSigned by: _Rene Potter_
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Exhibit A, Page 10

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

ANGEL LOMELI, an individual

CASE NO.: ____ CIVDS 1671646

vs.

**CERTIFICATE OF ASSIGNMENT**

UNION PACIFIC RAILROAD CO., et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
SAN BERNARDINO _____ District of the Superior Court under Rule 404 of this court for the
checked reason:

☒ **General**   .   ☐ **Collection**

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Employment | Gov't Code Section 12965- Where the cause of action arose. |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Union Pacific Railroad Company | | 19100 Slover Avenue | |
|---|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS | |
| Bloomington | CA | 92316 | |
| CITY | STATE | ZIP CODE | |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed
on December 20, 2016 _____ at San Diego _____, California

_____
Signature of Attorney/Party

## – CERTIFICATE OF ASSIGNMENT

Exhibit A, Page 11

COPY

1 | Peggy A. Farrell, SBN 210853
2 | Rene Potter, SBN 301971
   | **POTTER HANDY, LLP**
3 | Mail: PO Box 261843
   | San Diego, CA 92196-1843
4 | Delivery: 9845 Erma Road, Suite 300
5 | San Diego, CA 92131
   | Phone: (858) 375-7385
6 | Fax: (888) 422-5191
   | Email: PeggyF@PotterHandy.com;
7 |     ReneP@PotterHandy.com

8 | Attorneys for Plaintiff ANGEL LOMELI, an individual

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

DEC 20 2016

BY _____
ANNE PERRY, DEPUTY

9

10

11 | **SUPERIOR COURT FOR THE**
12 | **COUNTY OF SAN BERNARDINO**
13

| | |
|---|---|
| 14 ANGEL LOMELI, an individual, | **CASE NO.** CIVDS 1671660 |
| 15 Plaintiff, | **[UNLIMITED] COMPLAINT FOR DAMAGES** |
| 16 vs. | |
| 17 UNION PACIFIC RAILROAD COMPANY, a Delaware corporation; and, | 1. Age Discrimination in Violation of Cal. Gov't Code § 12940(a) |
| 18 DOES 1-100, inclusive, | |
| 19 Defendant(s). | 2. Discrimination Based on Genetic Information in Violation of the |
| 20 | California Genetic Information Act ("CalGINA,") (Cal. Gov't Code § |
| 21 | 12920, *et seq.*) |
| 22 | 3. Discrimination Based on Perceived |
| 23 | Disability in Violation of the Cal. Gov't Code §12940(a) |
| 24 | |
| 25 | 4. Failure to Accommodate Disability in Violation of Cal. Gov't Code § |
| 26 | 12940(m) |
| 27 | 5. Failure to Enter Into Good Faith |
| 28 | |

1

**[UNLIMITED] COMPLAINT FOR DAMAGES**

Process in Violation of Cal. Gov't
Code § 12940(n)

6. Violation of the California Family
Rights Act ("CFRA") (Cal. Gov't
Code § 12945.2

7. Retaliation in Violation of Cal. Gov't
Code § 12940(h)

8. Failure to Prevent Discrimination from
Occurring in Violation of Cal. Gov't
Code § 12940(k)

9. Wrongful Constructive Termination in
Violation of Public Policy

10. Breach of Oral Contract

11. Breach of Implied Covenant of Good
Faith & Fair Dealing.

12. Intentional Infliction of Emotional
Distress

13. Negligent Infliction of Emotional
Distress

**DEMAND FOR JURY TRIAL**

Plaintiff ANGEL LOMELI, an individual, on information and belief, makes the following allegations to support his unverified Complaint.

**JURISDICTION AND VENUE**

1.      This Court has personal jurisdiction over the Defendants because they are residents of and/or are doing business in the State of California.

2.      Venue is proper in this county in accordance with Section 395(a) of the California Code of Civil Procedure because the Defendants, or some of them, reside in the County of San Bernardino and/or the alleged wrongs occurred in this county. Venue is further proper in this

2

[UNLIMITED] COMPLAINT FOR DAMAGES

county pursuant to Cal. Gov't Code § 12965(b) because the alleged wrongs occurred in the County of Los Angeles, and it is the county where Plaintiff would have worked but for the alleged unlawful practices of Defendants and where the wrongs were alleged to have been committed.

## NATURE OF ACTION

3.      This action arises out of Defendants' violations of the Fair Employment & Housing Act ("FEHA") (Cal. Gov't Code §§ 12920 and 12940, *et seq.*) and torts. Specifically, this action is based upon Defendants' discrimination based on age, genetic information, actual and perceived disability discrimination, failure to accommodate, failure to enter into a good faith process to determine reasonable accommodations, retaliation for engaging in protected activities, aiding and abetting discrimination, wrongful constructive termination in violation of public policy, breach of oral contract and implied covenant of good faith and fair dealing, and intentional and negligent infliction of emotional distress. Defendants discriminated against, retaliated against and wrongfully, constructively terminated Plaintiff and caused him emotional distress.

## PLAINTIFF

4.      Plaintiff ANGEL LOMELI (hereinafter "Plaintiff") is a 44 year old adult, male individual. Plaintiff is, and at all relevant times mentioned herein was, a resident of the State of California, County of San Bernardino. Plaintiff is, and at all relevant times was a member of a protected class of persons within the meaning of the FEHA and the California Civil Code.

5.      At all relevant times herein, Plaintiff was employed by Defendants as "Yardman," or "railroad conductor," from 2005 until his wrongful, constructive termination on or about April 22, 2016.

## DEFENDANTS

6.      Defendant UNION PACIFIC RAILROAD COMPANY ("UPR"), is a Delaware corporation and is licensed to do business in the State of California, County of San Bernardino and is an "employer" of Plaintiff within the meaning of California Government Code §12926(d) of the California Fair Employment & Housing Act. In doing the acts herein alleged, Defendant's employees, subcontractors, and agents acted within the course and scope of their employment and agency with UPR; and, engaged in the acts alleged herein and/or condoned, permitted,

1    authorized, and/or ratified the conduct of its employees, subcontractors, and agents, and is

2    vicariously liable for the wrongful conduct of its employees, subcontractors, and agents alleged

3    herein.

4         7.     Defendants DOES 1 through 100, inclusive, are other possible Defendants

5    responsible for the wrongful conduct alleged herein. The true names and capacities of

6    Defendants named herein as DOES 1 through 100, inclusive, whether individual, corporate,

7    associate, or otherwise, are unknown to Plaintiff who therefore sues such Defendants by such

     fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiff is informed and

8    believes that the DOE Defendants are California residents. Plaintiff will amend this Complaint

9    to show true names and capacities when they have been determined. Plaintiff is informed and

10   believes, and on the basis of such information and belief alleges, that each Defendant DOE

11   herein is in some manner responsible for the discrimination based on his perceived and actual

12   physical disability and age, and damages herein alleged.

13        8.     Plaintiff is informed and believes and thereon alleges that each Defendant is, and

14   at all times mentioned was, the agent, employee or representative of each other Defendant. Each

15   Defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within

16   the scope of his or her actual or apparent authority or the alleged acts and omissions of each

     Defendant as agent subsequently were ratified and adopted by each other Defendant as principal.

17

18                            **EXHAUSTION OF REMEDIES**

19        9.     Plaintiff timely filed complaints against Defendants with the Department of Fair

20   Employment & Housing and received a notice of case closure and right to sue with respect to

21   Defendants. Plaintiff has therefore exhausted his administrative remedies as to his state claims

22   under the Fair Employment & Housing Act.

23

24              **FACTS COMMON TO ALL CAUSES OF ACTION**

25        10.    Angel Lomeli ("Plaintiff," or "Mr. Lomeli") is a 44 year old Hispanic man who is

26   an experienced railroad conductor. In or about 2005, Mr. Lomeli was hired to work as a

27   conductor at Union Pacific Railroad ("UPR").

28

11.     Mr. Lomeli was a stellar employee and performed his job duties in an exemplary manner, was well liked by his supervisors and co-workers and was never disciplined or otherwise reprimanded for misconduct or any violation of UPR policy.

12.     On or around February 17, 2015, Mr. Lomeli experienced a minor stroke. He was in the hospital for approximately five days. He notified UPR of the incident and per their request, he provided his medical records to UPR.

13.     On or about February 23, 2015, Mr. Lomeli provided UPR with his treating physician's return to work certification, which cleared Mr. Lomeli to return to work immediately with the caveat that he would be required to perform light duty for one week, from approximately February 23-27, 2015, before resuming regular work.

14.     Notwithstanding Mr. Lomeli's medical release to return to work immediately, and without any good faith basis to reject the recommendation of Mr. Lomeli's treating physician, UPR's doctor informed Mr. Lomeli he could not medically return to work for one year. UPR's doctor(s) never examined Mr. Lomeli at any time before or after refusing him reinstatement and had no grounds to believe that the medical release was false. Nor did any representative of UPR meet with Mr. Lomeli to discuss why he was being denied reinstatement, why he was being denied workplace accommodations or why his medical release was being rejected. Despite his requests, Mr. Lomeli was not provided with any explanation as to why his request for reinstatement and/or request for workplace accommodations were being denied and was not offered any alternative accommodations.

15.     As a result, Mr. Lomeli was forced to go on an unpaid medical leave of absence for more than a year. Because his treating physician cleared Mr. Lomeli to return to work, ultimately full duty, he was prevented from receiving state disability benefits and was required instead to apply for unemployment, which pays substantially less than disability benefits.

16.     Because of the forced leave and substantial losses in pay, Mr. Lomeli lost two cars, is being pursued for his inability to pay loans, and has a poor credit score. He has five children; four live at home and one is in college. In order to support his family, he was forced to take random jobs for the past year including mowing lawns, yard work, cleaning foreclosed homes, and junk removal – all more physically demanding jobs than his conductor duties at UPR.

5

**[UNLIMITED] COMPLAINT FOR DAMAGES**

17. In or about February 2016, at the conclusion of the one year period, UPR still refused to reinstate Mr. Lomeli, only this time, UPR made it clear to Mr. Lomeli that it had no intention of reinstating him notwithstanding Mr. Lomeli's agreement to provide UPR with current medical and psychological records for UPR doctors to review and evaluate before they would consider reinstating him. At no time was any further consideration given to his doctor's medical release a year before, nor was he examined by any UPR doctor.

18. In compliance UPR's request, in or around the first week of February, 2016, Mr. Lomeli attended doctor appointments with his treating doctor and with his neurologist and provided his medical records clearing him to return to work as of February 23, 2015. Notwithstanding Mr. Lomeli's good faith efforts to comply with UPR's requests, UPR sought to force his resignation and on February 25, 2016, UPR terminated Mr. Lomeli's health insurance benefits for him and his family of six without notice or explanation. This caused a further extreme hardship for Mr. Lomeli and his family, without limitation, because Mr. Lomeli could not afford COBRA benefits, he was forced to apply for Medi-Cal to ensure his family would receive at least some health coverage.

19. In or about early March, 2016, UPR's nurse notified him that the doctors required additional medical records from his neurologist, however, she did not specify why these records were needed or why his prior medical release was rejected without discussion. Although Mr. Lomeli believed that providing the records to UPR would violate his right to medical privacy, he desperately wanted to return to work, so he provided UPR with additional records from his neurologist as requested.

20. On or around March 21, 2016, approximately three weeks after he provided the additional records, UPR informed Mr. Lomeli that he was still not medically cleared to work. However, on or about April 22, 2016, Mr. Lomeli was finally notified by UPR that he could resume work. Therefore, Mr. Lomeli had been forced on approximately 1.5 years of unexplained medical leave, effectively constructively terminating him for a finite period until he was allowed to return to work on April 22, 2016.

///
///
///

**[UNLIMITED] COMPLAINT FOR DAMAGES**

## FIRST CAUSE OF ACTION

### Age Discrimination in Violation of Cal. Gov't Code § 12940(a)

### (Against Defendants UNION PACIFIC RAILROAD COMPANY; and, DOES 1-100, inclusive)

21.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-20, above.

22.    Cal. Gov't Code § 12940(a) makes it an unlawful employment practice to discriminate against someone because of age (40 or over).

23.    As alleged herein and in violation of California Government Code § 12940, *et seq.*, Defendant corporations, and each of them, discriminated against Plaintiff in employment on grounds of that he was over 40. Defendants have engaged in a policy, practice and procedure of forcing older workers on medical leave without any intent to reinstate them in an effort to either force their resignation or constructively terminate their employment by placing Defendants on indefinite medical leave. A motivating factor for Defendants conduct is age. By equating age with health conditions Defendants are profiling older workers and replacing them with younger, lower paid workers with less seniority or temporary employment status. Defendants further violated Plaintiff's rights to a discrimination free work environment by failing to take all reasonable steps necessary to prevent discrimination from occurring as required by California Government Code § 12940(k).

24.    By aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, medical expenses and special damages, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

25.    As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature, duration, and extent of said injuries is presently unknown to Plaintiff, but he is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

26.    Plaintiff is informed and believes and thereon alleges that Defendants and their

1   managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently,

2   and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper

3   and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's

4   rights. Moreover, Defendants and their managers, officers, and/or directors authorized or ratified

5   the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or

6   malice. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount

7   according to proof. Cal. Civ. Code §3294.

    27.     As a result of Defendants' retaliatory and discriminatory acts as alleged herein,

8   Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided in Section 12965(b)

9   of the California Government Code.

10

11                              **SECOND CAUSE OF ACTION**

12   **Discrimination Based on Genetic Information in Violation of the California Genetic**

13                  **Information Act (Cal. Gov't Code § 12920, *et seq.*)**

14       **(Against Defendants UNION PACIFIC RAILROAD COMPANY, and DOES 1-100,**

15                                    **inclusive)**

16   28.     Plaintiff realleges and incorporates by reference, as though fully set forth herein,

    each and every allegation set forth in paragraphs 1-27, above.

17   29.     Pursuant to Cal. Gov't Code § 12920, *et seq.* ("CalGINA"), "it is an unlawful

18   employment practice to deny employment opportunity and discriminate[] in the terms of

19   employment based upon an employee's genetic information and is a practice determined to be in

20   violation of the public policy of the State of California because discrimination against employees

21   based on genetic information, "foments domestic strife and unrest, deprives the state of the

22   fullest utilization of its capacities for development and advancement, and substantially and

23   adversely affects the interests of employees, employers and the public in general."

24   30.     Plaintiff is, and at all relevant times was a member of a protected class of persons

25   within the meaning of CalGINA. Cal. Govt. Code § 12926, see also 2 CA ADC § 11065, et seq.

26   31.     Defendants are, and at all relevant times were an employer subject to the

    proscriptions of CalGINA.

27

28

                                            **8**

32.     By forcing Plaintiff on an indefinite leave of absence without discussion, without any good faith basis to disregard his medical note or otherwise sent to be evaluated by UPR's company doctor, by denying him reinstatement following his finite leave for his hospitalization and stroke and by failing to accommodate him with light duty without discussion or offer of alternatives, Defendants, and each of them discriminated against Plaintiff because he had a stroke, caused by a medically identifiable gene or chromosome, disease or disorder in a person or associated with any disease or disorder and violated Cal. Gov't Code § 12920, *et seq*. See also 2 CA ADC § 11065(d)(B)(6).

33.     By aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, medical expenses and special damages, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

34.     As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature, duration, and extent of said injuries is presently unknown to Plaintiff, but he is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

35.     Plaintiff is informed and believes and thereon alleges that Defendants and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's rights. Moreover, Defendants and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof. Cal. Civ. Code §3294.

36.     As a result of Defendants' retaliatory and discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided in Section 12965(b) of the California Government Code.

## THIRD CAUSE OF ACTION

### Perceived Disability Discrimination in Violation of Cal. Gov't Code § 12940(a)
### (Against Defendants UNION PACIFIC RAILROAD COMPANY, and DOES 1-100, inclusive)

37.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-36, above.

38.     Cal. Gov't Code § 12940(a) makes it an unlawful employment practice to discriminate against someone based on the perception that they are disabled.

39.     As alleged herein and in violation of California Government Code § 12940, *et seq.*, Defendants, and each of them, discriminated against Plaintiff in employment on grounds that they improperly perceived that Plaintiff had a physical and/or mental disability as defined by Gov't Code § 12926.1(c) and forced him to go and remain on medical leave, without prior discussion, without grounds to challenge or refuse his doctor's release; and without a medical evaluation. Defendants instead continued to deny Plaintiff reinstatement without grounds for almost 2 years.  Defendants further violated Plaintiff's rights to a discrimination free work environment by failing to take all reasonable steps necessary to prevent discrimination from occurring as required by California Government Code § 12940(k).  Defendants also discriminated against Plaintiff by failing to provide a reasonable accommodation, refusal to engage in the interactive process required to reasonably accommodate him, forcing him on leave despite his medical release, failing to reinstate Plaintiff; and, retaliating against him for making a complaint of disability discrimination and opposing unlawful practices.

40.     By aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, medical expenses and special damages, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

41.     As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature, duration, and extent of said injuries is presently

**[UNLIMITED] COMPLAINT FOR DAMAGES**

1  unknown to Plaintiff, but he is informed and believes and thereon alleges that some if not all of
2  the injuries are reasonably certain to be permanent in character.

3          42.     Plaintiff is informed and believes and thereon alleges that Defendants and their
4  managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently,
5  and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper
6  and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's
7  rights. Moreover, Defendants and their managers, officers, and/or directors authorized or ratified
8  the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or
9  malice. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount
   according to proof. Cal. Civ. Code §3294.

10         43.     As a result of Defendants' retaliatory and discriminatory acts as alleged herein,
11 Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided in Section 12965(b)
12 of the California Government Code.

13

14                          **FOURTH CAUSE OF ACTION**
15                   **Failure to Accommodate Disability in Violation of**
16                          **Cal. Gov't Code § 12940(m)**
17          **(Against Defendants UNION PACIFIC RAILROAD COMPANY; and DOES 1-100,**
                                       **inclusive)**
18         44.     Plaintiff realleges and incorporates by reference, as though fully set forth herein,
19 each and every allegation set forth in paragraphs 1-43, above.
20         45.     Pursuant to G.C. §12940(m), it is unlawful for an employer to deny a request for a
21 reasonable accommodation for a known physical disability.
22         46.     As alleged herein, Mr. Lomeli was hospitalized due to a stroke and was unable to
23 work for a period of approximately five (5) work days. He requested a medical leave of absence.
24 However, when Mr. Lomeli was released by his doctor to return to work with a one week light
25 duty accommodation, Defendants failed and refused to even consider his medical certification,
26 failed to challenge its legitimacy, failed to discuss his request for light duty with him or
27 otherwise offer alternative accommodations, and instead denied his request without discussion

28

                                       11

1  and prevented him from returning to work with an accommodation notwithstanding his medical
2  release.

3       47.    By failing to provide a reasonable accommodation to Plaintiff for his disability,
4  notwithstanding the lack of hardship, Defendants violated Cal. Gov't Code § 12940(m).

5       48.    By aforesaid acts and omissions of Defendants, and each of them, Plaintiff has
6  been directly and legally caused to suffer actual damages including, but not limited to, medical
   expenses and special damages, loss of earnings and future earning capacity, and other pecuniary
7  loss not presently ascertained.

8       49.    As a further direct and legal result of the acts and conduct of Defendants, and
9  each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer
10 emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain,
11 discomfort and anxiety.  The exact nature, duration, and extent of said injuries is presently
12 unknown to Plaintiff, but he is informed and believes and thereon alleges that some if not all of
13 the injuries are reasonably certain to be permanent in character.

14      50.    Plaintiff is informed and believes and thereon alleges that Defendants and their
15 managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently,
16 and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper
   and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's
17 rights. Moreover, Defendants and their managers, officers, and/or directors authorized or ratified
18 the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or
19 malice. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount
20 according to proof. Cal. Civ. Code §3294.

21      51.    As a result of Defendants' retaliatory and discriminatory acts as alleged herein,
22 Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided in Section 12965(b)
23 of the California Government Code.

24 ///
25 ///
26 ///
27 ///
28 ///

**FIFTH CAUSE OF ACTION**

Failure to Enter Into a Good Faith Process in Violation of

Cal. Gov't Code § 12940(n)

(Against Defendants UNION PACIFIC RAILROAD COMPANY; and DOES 1-100,

inclusive)

52.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-51, above.

53.    Pursuant Gov't Code §12940(n), employers have a mandatory obligation to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations. An employer who denies a reasonable accommodation without offering alternatives is liable for violation of Gov't Code § 12940(n) as a matter of law.

54.    As alleged herein, Mr. Lomeli was hospitalized due to a stroke and was unable to work for a period of approximately five (5) work days. He requested a medical leave of absence. However, when Mr. Lomeli was released by his doctor to return to work with a one week light duty accommodation, Defendants failed and refused to even consider his medical certification, failed to challenge its legitimacy, failed to discuss his request for light duty with him or otherwise offer alternative accommodations, and instead denied his request without discussion and prevented him from returning to work with an accommodation notwithstanding his medical release.

55.    By failing to discuss Plaintiff's request for a reasonable accommodation or otherwise discuss alternative accommodations, Defendants failed to enter into a good faith process to determine reasonable accommodations as a matter of law in violation of Cal. Gov't Code § 12940(n).

56.    By aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, medical expenses and special damages, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

57.    As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain,

13

**[UNLIMITED] COMPLAINT FOR DAMAGES**

discomfort and anxiety. The exact nature, duration, and extent of said injuries is presently unknown to Plaintiff, but he is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

58.     Plaintiff is informed and believes and thereon alleges that Defendants and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's rights. Moreover, Defendants and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof. Cal. Civ. Code §3294.

59.     As a result of Defendants' retaliatory and discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided in Section 12965(b) of the California Government Code.

## SIXTH CAUSE OF ACTION

### Violation of the California Family Rights Act (Cal. Gov't Code § 12954.2

### (Against Defendants UNION PACIFIC RAILROAD COMPANY and DOES 1-100, inclusive)

60.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-59, above.

61.     The California Family Rights Act ("CFRA") Cal. Gov't Code § 12945.2(a) makes it an unlawful employment practice to deny an eligible employee the right to a medical leave of absence for, without limitation, his own serious medical condition for 12 weeks and provides a guarantee reinstatement to the same or comparable position following the conclusion of leave.

62.     Mr. Lomeli was employed by Defendants for more than a year prior to requesting a CFRA leave and was therefore an employee eligible to take leave within the meaning of the CFRA.

63.     Defendants employed 50 or more employees within a radius of 75 miles of Mr. Lomeli's worksite and therefore Defendants are subject to the provisions of the CFRA.

64.     As alleged herein, Mr. Lomeli requested a finite leave of absence for a period of five work days, to recover from a stroke. At the conclusion of his leave, Mr. Lomeli requested that Defendants reinstate him based on his doctor's medical release, however Defendants refused to reinstate him to his same or comparable employment.

65.     By constructively terminating his employment because he requested a CFRA leave by failing to reinstate him for almost two (2) years, Defendants, and each of them, violated the guarantee of reinstatement and therefore unlawfully denied Plaintiff leave in violation of Cal. Gov't Code § 12945.2.

66.     By aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

67.     As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature, duration, and extent of said injuries is presently unknown to Plaintiff, but he is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

68. Plaintiff is informed and believes and thereon alleges that Defendants and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's rights. Moreover, Defendants and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof. Cal. Civ. Code § 3294.

69.     As a result of Defendants' retaliatory and discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided in Section 12965(b) of the California Government Code.

## SEVENTH CAUSE OF ACTION

### Retaliation in Violation of Cal. Gov't Code § 12940(h)

### (Against Defendants UNION PACIFIC RAILROAD COMPANY and DOES 1-100, inclusive)

70.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-69, above.

71.     Gov't Code Section 12940(h) makes it unlawful for an employer to retaliate against an employee for making a complaint of discrimination and opposing or protesting unlawful employment practices.

72.     As alleged herein, Defendants retaliated against Plaintiff for engaging in protected reporting activities and protesting Defendants' decision to refuse to reinstate him and constructively terminate his employment.

73.     By aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, medical expenses and special damages, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

74.     As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature, duration, and extent of said injuries is presently unknown to Plaintiff, but he is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

75.     Plaintiff is informed and believes and thereon alleges that Defendants and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper

16

and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's rights. Moreover, Defendants and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof. Cal. Civ. Code §3294.

76.     As a result of Defendants' retaliatory and discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided in Section 12965(b) of the California Government Code.

## EIGHTH CAUSE OF ACTION

### Failure to Prevent Discrimination from Occurring in Violation of Cal. Gov't Code § 12940(k)

### (Against Defendants UNION PACIFIC RAILROAD COMPANY; and DOES 1-100, inclusive)

77.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-76, above.

78.     G.C. §12940(k) provides as follows: "It shall be an unlawful employment practice, [f]or an employer, labor organization, employment agency, apprenticeship training program, or any training program leading to employment, to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

79.     As alleged herein, Defendants discriminated and retaliated against Plaintiff because of his age, genetic information, perceived disability, because he requested a reasonable accommodation; and because he protested the denial of the guarantee of reinstatement inherent in every grant of medical leave, and constructively terminated him by refusing to allow him to return to work. Notwithstanding Plaintiff's repeated opposition to Defendants' refusal to reinstate him, for over a year, Defendants failed to investigate or take any appropriate remedial action or measures to prevent the discrimination from occurring, and instead encouraged and ratified it. By failing to prevent discrimination from occurring, Defendants violated G.C. §12940(k).

80.     By aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, medical expenses and special damages, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

81.     As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature, duration, and extent of said injuries is presently unknown to Plaintiff, but he is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

82.     Plaintiff is informed and believes and thereon alleges that Defendants and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's rights. Moreover, Defendants and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof. Cal. Civ. Code §3294.

83.     As a result of Defendants' retaliatory and discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided in Section 12965(b) of the California Government Code.

## NINTH CAUSE OF ACTION

### Wrongful Constructive Termination in Violation of Public Policy

### (Against Defendants UNION PACIFIC RAILROAD COMPANY and DOES 1-100, inclusive)

84.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-83, above.

85.     As alleged herein, at all times during his employment with Defendants, Plaintiff

**[UNLIMITED] COMPLAINT FOR DAMAGES**

performed his job duties in an exemplary manner and complied with all employment related policies made known to him. Thus, Defendants' decision to refuse to reinstate Plaintiff following the conclusion of his five day medical leave of absence; and instead forcing him on an indefinite leave constitutes a termination under law.

86.     As further alleged herein, the aforementioned discrimination, retaliation and wrongful termination have resulted in damage and injury to Plaintiff. Therefore, Defendants' acts against Plaintiff were in direct contravention of the public policies of the State of California and the United States that seek to protect employees from discrimination and actions in reporting and advocating corrective action of statutory violations.

87.     Plaintiff is informed and believes and thereon alleges that any other reasons proffered by Defendants were and are pretextual in nature.

88.     By reason of the aforementioned conduct and circumstances, Defendants, and each of them, violated the fundamental public policies of the State of California, as set forth in Cal. Gov't Code § 12920 and 12940, *et seq.*, which mandate that employees be free from unlawful discrimination and retaliation. As a further result of the aforesaid conduct of Defendants, and each of them, Plaintiff has been deprived of his right to a work environment free from discrimination and retaliation.

89.     By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

90.     As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature, duration, and extent of said injuries is presently unknown to Plaintiff, but he is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

91.     Plaintiff is informed and believes and thereon alleges that Defendants and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's

rights. Moreover, Defendants and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof. Cal. Civ. Code § 3294.

92.     By engaging in violations of well settled public policies codified in California statutes, Defendant sought to chill the freedom of speech without retribution, for the purpose of avoiding liability to Defendant's sole benefit.  As such, Plaintiff's claims seek to vindicate the important public rights of free speech and equal protection of the laws which confer a significant benefit on California taxpayers and all American citizens.  The financial benefit to Plaintiff is far less than to the public at large since Plaintiff's damages are limited by statute. Based thereon, Plaintiff is entitled to reasonable attorney's fees pursuant to C.C.P. §1021.5.

## FOURTEENTH CAUSE OF ACTION
### Breach of Oral Contract
### (Against Defendants UNION PACIFIC RAILROAD COMPANY; and DOES 1-100, inclusive)

93. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 92, above.

94.     As alleged herein, Plaintiff was hired by Defendants on or about 2005 under the terms of an oral and implied oral contract. After Plaintiff was initially hired by Defendants, Plaintiff undertook and continued employment, and duly performed all of the conditions of the above said employment agreement to be performed by Plaintiff until prevented from doing so by Defendants' unlawful discrimination and retaliation of Plaintiff and therefore Defendant's failure to perform under the terms and conditions of the oral contract.  At the time of Plaintiff's request for reinstatement, he was ready, willing, and able to perform all of the conditions of the oral and implied employment agreement to be performed by Plaintiff.

95.     By refusing to reinstate Plaintiff following the conclusion of his medical leave and instead placing him on an indefinite leave of absence, Defendants breached the total employment agreement by violating his rights under the FEHA; discriminating and retaliating against Plaintiff and constructively terminating his employment for false and pretextual reasons

1   because Plaintiff made complaints about Defendants' discrimination and by virtue of his age,

2   genetic information, perceived disability, request for accommodation and opposition to unlawful

3   practices denying him reinstatement.

4       96.     By the aforesaid acts and omissions of Defendants, Plaintiff has been directly and

5   legally caused to suffer actual damages including, but not limited to, loss of earnings and future

6   earning capacity, and other pecuniary loss not presently ascertained.

7                            ## FIFTEENTH CAUSE OF ACTION

8               **Breach of Implied Covenant of Good Faith & Fair Dealing**

9           **(Against Defendants UNION PACIFIC RAILROAD COMPANY; and DOES 1-**

10                                  **100, inclusive)**

11      97. Plaintiff realleges and incorporates by reference, as though fully set forth herein,

12  each and every allegation set forth in paragraphs 1 through 96 above.

13      98.     In every contract or agreement there is an implied promise of good faith and fair

14  dealing. This means that each party will not do anything to unfairly interfere with the right of any

15  other party to receive the benefits of the contract.

16      99.     As alleged herein, Plaintiff was hired by Defendants on or about 2005 under the

17  terms of an oral and implied oral contract. After Plaintiff was initially hired by Defendants,

    Plaintiff undertook and continued employment, and duly performed all of the conditions of the

18  above said employment agreement to be performed by Plaintiff until prevented from doing so by

19  Defendants' illegal discrimination, retaliation and termination of Plaintiff and therefore

20  Defendant's failure to act in good faith or deal fairly under the terms and conditions of the oral

21  contract. At the time of Plaintiff's request for reinstatement, he was ready, willing, and able to

22  perform all of the conditions of the oral and implied employment agreement and was able fulfill

23  his obligation to act in good faith and deal fairly with Defendants. At the time of the

24  discrimination, retaliation and constructive termination, Plaintiff was ready, willing, and able to

25  perform all of the conditions of the oral and implied employment agreement in good faith, to be

26  performed by Plaintiff.

27      100.    By refusing to reinstate Plaintiff following the conclusion of his five day medical

    leave and instead placing him on an indefinite leave of absence, Defendants breached the implied

28

                                           21
                    **[UNLIMITED] COMPLAINT FOR DAMAGES**

covenant of good faith and fair dealing by violating his rights under the FEHA; discriminating and retaliating against Plaintiff and constructively terminating his employment for false and pretextual reasons because Plaintiff made complaints about Defendants' discrimination and by virtue of his age, genetic information, perceived disability, request for accommodation and opposition to unlawful practices denying him reinstatement.

101. By the aforesaid acts and omissions of Defendants, Plaintiff has been directly and Legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

## FIFTEENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against Defendants UNION PACIFIC RAILROAD and DOES 1-100, inclusive)

102. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-101, above.

103. Defendants, and each of them acting in the course and scope of their employment, engaged in extreme and outrageous conduct towards Plaintiff with the intention to cause, or with reckless disregard for the probability of causing, Plaintiff to suffer emotional distress, and with wanton and reckless disregard for the injurious result to Plaintiff. As set forth in detail under "Facts Common To All Causes of Action," Defendants discriminated against Plaintiff because of his age, genetic information, perceived disability, request for medical leave and reasonable accommodations. Defendants further refused to engage in the interactive process required to reasonably accommodate him, failed to reinstate him or almost two years following the conclusion of his medical leave and failed to undertake any measures to prevent the discrimination and retaliation from occurring; and, retaliated against him for engaging in protected activities and opposing unlawful practices.

104. By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, medical expenses, loss of earnings and future earning capacity, costs of suit, and other pecuniary loss not presently ascertained.

105.   As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature, duration, and extent of said injuries is presently unknown to Plaintiff, but he is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

106.   As a further proximate result of the acts of Defendants and each of them, Plaintiff has been damaged in that he has been required to expend money and to incur obligations, and may continue to do so in the future to expend money and incur obligations, for treatment and/or medication reasonably required in the relief of the injuries herein alleged.

107.   Plaintiff is informed and believes and thereon alleges that Defendants and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's rights. Moreover, Defendants and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof. Cal. Civ. Code § 3294.

## SIXTEENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

### (Against Defendants UNION PACIFIC RAILROAD COMPANY; and DOES 1-100, inclusive)

108.   Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-107, above.

109.   As an employee of Defendants, Plaintiff was owed a duty of care by Defendants, and each of them, to ensure that Plaintiff was not exposed to foreseeable harams, to uphold and comply with non-discrimination policies in accordance with law.

110.   Defendants, and each of them, knew, or should have known, that Plaintiff was being, or would be, subjected to the conduct as alleged herein, and knew, or should have known,

that subjecting Plaintiff to such conduct and/or failing to exercise due care to prevent any other employee, officer, agent or supervisor from engaging in such conduct, could and would cause Plaintiff to suffer emotional distress. Defendants, and each of them, breached their duty of due care by engaging in such conduct, by failing to take any and all reasonable steps to halt such conduct and/or to prevent such conduct from occurring, and by failing to take appropriate corrective action following such conduct.

111.   By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, medical expenses, loss of earnings and future earning capacity, costs of suit, and other pecuniary loss not presently ascertained.

112.   As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature, duration, and extent of said injuries is presently unknown to Plaintiff, but he is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

113.   As a further proximate result of the acts of Defendants and each of them, Plaintiff has been damaged in that he has been required to expend money and to incur obligations, and may continue to do so in the future to expend money and incur obligations, for treatment and/or medication reasonably required in the relief of the injuries herein alleged.

## PRAYER FOR DAMAGES

WHEREFORE, the Plaintiff, on behalf of himself prays as follows:

1.   That the Plaintiff be awarded all costs and litigation expenses incurred in bring this action;

2.   For reasonable attorneys' fees and costs incurred in bringing this action as follows:

    a.   For Plaintiff's First through Eighth Causes of Action pursuant to Cal. Gov't Code § 12965(b);

b.      For Plaintiff's Ninth Cause of Action pursuant to Cal.
        Code Civ. Proc. § 1021.5;

3.   That the Plaintiff be awarded prejudgment and postjudgment
     interest;

5.   For Injunctive Relief;

6.   For general damages, according to proof;

7.   For special damages, including medical expenses, and loss of
     earnings and earnings capacity, in an amount according to proof;

8.   For Punitive damages against Defendants pursuant to Cal. Civ.
     Code § 3294.

9.    For such other and further relief as the Court deems just and
      proper.

Dated: December 16, 2016                    POTTER HANDY, LLP

                                  By:    Peggy A. Farrell
                                         Rene Potter
                                         Attorneys for Plaintiff ANGEL LOMELI

## DEMAND FOR JURY TRIAL

Plaintiff, ANGEL LOMELI, hereby demands a trial by jury.

///

Dated: December 16, 2016

POTTER HANDY, LLP

By:   Peggy A. Farrell
      Rene Potter
      Attorneys for Plaintiff ANGEL LOMELI

26

**[UNLIMITED] COMPLAINT FOR DAMAGES**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------
                                    CASE NO: CIVDS1621646

   POTTER HANDY, LLP
   PO BOX 261843
   SAN DIEGO CA 92196

                        NOTICE OF TRIAL SETTING CONFERENCE
                          and NOTICE OF CASE ASSIGNMENT

IN RE: ANGEL LOMELI -V- UNION PACIFIC

THIS CASE HAS BEEN ASSIGNED TO: JANET M FRANGIE IN DEPARTMENT S29
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at  247 WEST THIRD STREET
San Bernardino, CA  92415-0210.

        HEARING DATE: 06/28/17 at  8:30 in Dept. S29


DATE: 12/20/16  Nancy Eberhardt, Interim Court Executive Officer
                                            By: ANNE PERRY
------------------------------------------------------------------------
------------------------------------------------------------------------
                        CERTIFICATE OF SERVICE     .

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(✓) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 12/20/16
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 12/20/16 at San Bernardino, CA

                                BY: ANNE PERRY

.

# EXHIBIT "B"

DocuSign Envelope ID: C0F68277-E477-4826-80BC-BDFD353E6CBA

Peggy A. Farrell, (SBN 210853)
Rene Potter, (SBN 301971)
**POTTER HANDY, LLP**
Mail: PO Box 261843
San Diego, CA 92196-1843
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
Phone: (858) 375-7385
Fax: (888) 422-5191
Email: PeggyF@PotterHandy.com; ReneP@PotterHandy.com

Attorney for Plaintiff, ANGEL LOMELI, an individual

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| ANGEL LOMELI, an individual, | **CASE NO. CIVDS1621646** |
| Plaintiff(s), | **NOTICE OF POSTING JURY FEES** |
| vs. | **Judge: Hon. Janet M. Frangie** |
| | **Dept. S29** |
| UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation; and DOES 1-100, inclusive, | **Complaint Filed: December 20, 2016** |
| | **Trial Date: None Set** |
| Defendant(s). | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

   PLEASE TAKE NOTICE that Plaintiff, Angel Lomeli, hereby deposits jury fees in the amount of $150.00, pursuant to Code of Civil Procedure § 631, and thereby preserves his right to a jury trial in the within action.

1

**NOTICE OF POSTING JURY FEES BY PLAINTIFF ANGEL LOMELI**

DocuSign Envelope ID: C0F68277-E477-4826-80BC-BDFD353E6CBA

Dated: January 20, 2017                    POTTER HANDY, LLP

Signed: _____
Rene Potter
Attorney for Plaintiff ANGEL LOMELI

2

**NOTICE OF POSTING JURY FEES BY PLAINTIFF ANGEL LOMELI**

# PROOF OF SERVICE

Lomeli v. Union Pacific Railroad Company
Case No. CIVDS1621646

I, the undersigned, am over the age of eighteen years and am resident of San Diego County, California; I am not a party to the above-entitled action; my business address is 9845 Erma Road, Suite 300, San Diego, California 92131

On January 23, 2017, I served the following document(s):

**NOTICE OF POSTING JURY FEES**

Addressed to:

Megan E. Walker
Danielle H. Moore
FISHER PHILLIPS
4747 Executive Drive
Suite 1000
San Diego, CA 92121

☑   <u>BY MAIL:</u> I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Diego, California.

☐   <u>BY FACSIMILE:</u> In addition to the service by mail as set forth above, I forwarded a copy of said documents via facsimile to the listed facsimile number.

☐   <u>BY OVERNITE EXPRESS:</u> I caused such envelope with postage thereon fully prepaid to be placed in the Designated Overnite Express drop box at San Diego, California.

☐   <u>BY PERSONAL SERVICE:</u> I caused said documents to be personally served on all listed recipients via Diversified Legal Services.

☐   <u>BY ELECTRONIC MAIL TRANSMISSION:</u> I caused the listed documents to be electronically filed and subsequently emailed to the recipient(s):

Executed on January 23, 2017, from San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Sonia Hayes

PROOF OF SERVICE

Exhibit B, Page 41

EXHIBIT "C"

1   Danielle Hultenius Moore (SBN 232480)
        E-Mail:  dmoore@fisherphillips.com
2   Megan E. Walker (SBN 299834)
        E-Mail:  mewalker@fisherphillips.com
3   **FISHER & PHILLIPS LLP**
    4747 Executive Drive, Suite 1000
4   San Diego, California  92121
    Telephone: (858)597-9600
5   Facsimile: (858)597-9601

6   Attorneys for Defendant,
    Union Pacific Railroad Company

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9           **FOR THE COUNTY OF SAN BERNARDINO - CIVIL DIVISION**

10

11  ANGEL LOMELI, an individual,              CASE NO.:  CIVDS1621646
                                              *[Unlimited Jurisdiction]*
12                 Plaintiff,
                                              *Assigned for all purposes to the Honorable Janet*
13          v.                                *M. Frangie, Department S29*

14  UNION PACIFIC RAILROAD                    **DEFENDANT UNION PACIFIC**
    COMPANY, a Delaware corporation; and      **RAILROAD COMPANY'S NOTICE OF**
15  DOES 1-100, inclusive,                    **REMOVAL OF ACTION TO FEDERAL**
                                              **COURT**
16                 Defendants.

17                                            Complaint Filed: December 20, 2016
                                              Trial Date:       None Set
18

19          TO PLAINTIFF AND HER COUNSEL OF RECORD:

20          PLEASE TAKE NOTICE THAT on January 26, 2017, a Petition for Removal of this

21  action was filed in the United States District Court for the Central District of California by

22  Defendant Union Pacific Railroad Company.   A copy of the Notice is attached hereto as

23  **Exhibit "1."**

24          Pursuant to  28 U.S.C. section 1446(d), the filing of the aforesaid Petition for Removal in

25  the District Court, together with the filing of this Notice with this Court, effects the removal of

26  / / /

27  / / /

28  / / /

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1   this action, and this Court may not proceed further with the above-captioned litigation unless and

2   until the case is remanded.

3       DATE:  January 26, 2017                    FISHER & PHILLIPS LLP

4

5                                          By:   _____

6                                          Danielle H. Moore
                                           Megan E. Walker
7                                          Attorneys for Defendant,
                                           Union Pacific Railroad Company

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28