| | | | |
|---|---|---|---|
| Case No. | EDCV 17-146-FMO (KKx) | Date: | May 11, 2017 |
| Title: | *Angel Lomeli v. Union Pacific Railroad Company, et al.* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order re: Stipulated Protective Order [Dkt. 14]

The parties' proposed Stipulation and Protective Order has been referred by the District Judge to the Magistrate Judge for consideration. The parties are advised that the Court declines to issue the proposed protective order to which they have stipulated for the following reasons:

1. While the Court is willing to enter a protective order in accordance with the parties' stipulation in order to facilitate the conduct of discovery, the Court is unwilling to include in the protective order any provisions relating to evidence presented at trial or other court hearings or proceedings. **Any use of Protected Material at trial or other court hearings or proceedings shall be governed by the orders of the trial judge.** Proposed ¶ III needs to be revised to make this explicit.

2. The parties shall include a statement of good cause, as required by Fed. R. Civ. P. 26(c). Such showing should be made separate from the parties' stipulation regarding the terms of the proposed protective order.

3. Proposed ¶¶ VI and XI need to be revised to make clear that any motion to retain confidentiality, challenging a party's designation of material as Confidential Information, to compel production of allegedly privileged and/or work product material, or seeking to modify or amend the proposed Protective Order must be brought in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement). Additionally, proposed ¶ VI must be

revised to make clear that any challenges to a designation of confidentiality may be made at any time *that is consistent with the Court's Scheduling Order*.

      4.      Proposed ¶ VII needs to be revised to permit disclosure of Protected Material to any mediators and settlement officers, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

      5.      Proposed ¶ XI needs to be revised to include the following language: "When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court."

      6.      Proposed ¶ XII(C) needs to be revised to make clear a Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

      7.      The parties must lodge a proposed Order and include a signature block for the assigned Magistrate Judge.

      **The parties are further directed to the Court's sample stipulated protective order located on the Court's website for a sample of the format of an approved stipulated protective order. The parties are strongly encouraged to use the language contained in the approved stipulated protective order.**

cc:    United States District Judge Fernando M. Olguin